UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ALFRED SCOTT, | ) | CASE NO. 4:09 CV 139 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Alfred Scott filed this action against the United States of America, the United States Department of Justice USP Atlanta, and the United States Department of Justice Bureau of Prisons. He seeks unspecified injunctive relief.

**Background**

The Complaint contains no facts and no legal claims. It consists entirely of a brief indication of the basis of jurisdiction, and a statement suggesting that "[t]he facts of the case are contained within the original complaint attached and titled Petition for Emergency Injunctive Relief." (Compl. at 2.) The Petition for Emergency Injunctive Relief, however, also does not contain facts or legal claims. It is composed entirely of argument in support of granting injunctive relief. He indicates that the court should "issue injunctive relief or other available relief that will subdue the ongoing actions by the government actors." (Pet. at 4.)

**Analysis**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). Mr. Scott attaches 57 pages of exhibits to his pleading and petition. District courts are not required to conjure up questions never squarely presented to them or to scour through numerous pages of attachments to attempt to determine which claims the plaintiff may assert. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his

complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which plaintiff intends to base his action.

## Conclusion

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Peter C. Economus - 4/20/09
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE